R. S. WINTERSMITH *v.* JAMES C. WINTERSMITH.

Limitation of Actions—Accounts—Mutual Parments—Expected Set Off
    The statute of limitations does not run against actual payment or
expected set-off.

APPEAL FROM HARDIN CIRCUIT COURT.

November 19, 1869.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The appellee's answer to the cross petition, setting up the appellant's account as a set-off or payment, is evasive, and, when carefully scrutinized does not deny the services or the other *facts* charged in the account. The credits as claimed may be presumed to have been intended and understood by the parties as partial payments, for she says that, if the account was just, *she had paid it.* And whether there was actual payment, or only an expected set-off, the statute of limitaitons would not apply.

We are therefore of the opinion that the account as exhibited should be adjudged a payment at the date of it, and consequently the circuit court erred in not allowing the appellant a credit *pro tanto,* or granting a re-hearing.

Wherefore the judgment is reversed and the cause remanded with leave to the appellee to file an amended answer and for further proceedings for litigating the appellant's account.

*Sweeney & Stuart, Wilson, for appellant.*